IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID KEIL,

    Plaintiff,

  v.

EQUIFAX INFORMATION SERVICES, et al.,

    Defendants.
                               /

No. C 13-03989 SI

**ORDER GRANTING PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES**

Currently before the Court are plaintiff's motions to strike the defendants' affirmative defenses. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing scheduled for November 22, 2013. For the reasons set forth below, the Court GRANTS the motions to strike.

**BACKGROUND**

The plaintiff in this action, David Keil, is suing defendants Equifax Information Services, LLC ("Equifax"), and Community First Credit Union ("CFCU") for various statutory violations regarding the plaintiff's credit status. The plaintiff alleges that he filed for Chapter 13 bankruptcy in August, 2009. Compl. ¶ 19. The plaintiff alleges that, in July, 2011, the bankruptcy court issued him a discharge order pursuant to 11 United States Code § 727. *Id.* at ¶ 26. The plaintiff alleges that, despite his multiple attempts to clear his credit report through Equifax and CFCU, his credit report continues to erroneously

reflect that he owes thousands of dollars. *Id.* at ¶¶ 28-47.

On August 27, 2013, the plaintiff filed suit against Equifax and CFCU in this Court, alleging violations of: (1) the California Consumer Credit Reporting Act, Cal. Civ. Code § 1785.25(a); (2) 15 U.S.C. § 1681s-2(b); (3) 15 U.S.C. § 1681e(b); and (4) 15 U.S.C. § 1681i. On September 30, 2013, Equifax answered the plaintiff's complaint, asserting eleven affirmative defenses. On October 1, 2013, CFCU answered the plaintiff's complaint, asserting seventeen affirmative defenses.

The plaintiff now move the Court to strike each of the defendants' affirmative defenses.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(c) requires defendants to "affirmatively state any avoidance or affirmative defense" they wish to assert. Rule 8(b)(1) further requires defendants to "state in short and plain terms [their] defenses to each claim asserted against [them]." Under Rule 8(c), an "affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) (quoting *Roberge v. Hannah Marine Corp.*, No. 96-1691, 1997 WL 468330, at *3 (6th Cir. Aug. 13, 1997)). The defendant bears the burden of proof for each affirmative defense. *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988).

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient "as a matter of pleading or as a matter of substance." *Sec. People, Inc. v. Classic Woodworking, LLC*, No. 04-3133 MMC, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). A defense may be insufficient if it fails to provide the plaintiff with "fair notice" of the defense asserted against him and the grounds upon which that defense is asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). However, motions to strike are generally disfavored. *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). When a claim is stricken, "leave to amend should be freely given," provided no prejudice results against the opposing party. *Wyshak*, 607 F.2d at 826.

2

**DISCUSSION**

The plaintiff's main argument for striking the defendants' affirmative defenses is that they fail to comply with the heightened pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For the reasons set forth below, the Court agrees with the plaintiff's argument.

While the Ninth Circuit has not yet ruled on the issue, a majority of district courts in this circuit require that affirmative defenses comply with the heightened pleading standard set forth in *Twombly* and *Iqbal*. *See Cabrera v. Alvarez*, No. C 12-04890 SI, 2013 WL 3146788, at *3 (N.D. Cal. June 18, 2013) (collecting cases). Applying a heightened standard to affirmative defenses also "weed[s] out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Barnes*, 718 F. Supp. 2d at 1172. This Court agrees with the majority of district courts, and applies the heightened *Twombly*/*Iqbal* pleading standard to affirmative defenses.

As a preliminary matter, Equifax has withdrawn its seventh and eleventh affirmative defenses. *See* Dkt. 23 at 5. Therefore, the plaintiff's motion to strike Equifax's seventh and eleventh defenses is GRANTED without leave to amend.

Applying the *Twombly*/*Iqbal* standard to the defendants' remaining affirmative defenses, each one fails on its face. Each asserted defense is stated as a conclusion, devoid of any supporting facts that might indicate plausibility. Several are redundant, or apparently irrelevant to this litigation. None of the asserted defenses provide any facts that might lend them credibility, still less, plausibility. Because the defenses fail to provide the plaintiff with fair notice, they are fatally deficient. Accordingly, the plaintiff's motion to strike Equifax's remaining affirmative defenses is GRANTED with leave to amend. Further, the plaintiff's motion to strike CFCU's affirmative defenses is also GRANTED with leave to amend.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS the plaintiff's motion to strike Equifax's seventh and eleventh affirmative defenses without leave to amend; GRANTS

the plaintiff's motion to strike Equifax's remaining affirmative defenses with leave to amend; and GRANTS the plaintiff's motion to strike CFCU's affirmative defenses with leave to amend. **Any amended answer must be filed no later than November 27, 2013.**

**IT IS SO ORDERED.**

Dated: November 12, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE