IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KEIL,<br><br>        Plaintiff,<br><br>   v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>        Defendants.<br>                                              / | No. C 13-03989 SI<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM ADMISSIONS** |

Now before the Court is plaintiff David Keil's motion for relief from admissions. *See* Dkt. No. 62. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument. For the following reasons, the Court GRANTS plaintiff's motion.

On March 28, 2014, Equifax served plaintiff with written discovery.[1] In April, 2014, plaintiff requested and received an extension of time to respond. On July 8, 2014, Equifax took plaintiff's deposition, at which time plaintiff's counsel realized that the discovery to which he had never responded included requests for admissions.

On July 9, 2014, plaintiff's counsel wrote to Equifax, stating that he would provide responses to all written discovery within seven days. Equifax did not respond. On July 15, 2014, plaintiff served his responses to the requests for admissions. Plaintiff attempted to contact Equifax several times in late

---

[1] Although plaintiff failed to provide an affidavit or declaration, as required by Civil Local Rule 7-5, the Court will accept plaintiff's factual contentions as true for the purposes of this motion.

July and early August to determine whether plaintiff's late responses would be accepted. Equifax never responded. Plaintiff now moves for relief from admissions.

When a party fails to timely respond to requests for admissions, those matters are deemed admitted. Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). A court may permit withdrawal of admissions if: (1) "it would promote the presentation of the merits of the action," and (2) permitting the withdrawal would not prejudice the requesting party. *Id.* Courts "must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).

The Court finds that it is appropriate to permit plaintiff to withdraw his admissions. The first prong of the Rule 36 test is satisfied if upholding the admissions "would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). Equifax sought admissions that it did not violate the Federal Fair Credit Reporting Act, and that plaintiff suffered no damages. These issues are integral to the merits of plaintiff's case, and upholding his admissions would effectively eliminate any need for a decision on the merits.

As to the second prong of the Rule 36 test, "[t]he party relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622. Equifax, the only named defendant, has indicated that it does not oppose plaintiff's motion. Thus, defendant has failed to meet its burden of proving prejudice stemming from the withdrawal of plaintiff's admissions.

Accordingly, plaintiff's motion for relief from admissions is GRANTED. Plaintiff's automatic admissions are withdrawn, and his late-filed responses are deemed operative. This Order resolves Docket No. 62.

**IT IS SO ORDERED.**

Dated: August 8, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE