IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KEIL,<br><br>    Plaintiff,<br><br>   v.<br><br>EQUIFAX INFORMATION SERVICES, et al.,<br><br>    Defendants.<br>_____/ | No. C 13-03989 SI<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Now before the Court is plaintiff David Keil's motion for partial summary judgment. Pursuant to Civil Local Rule 7-1(b) the Court determines that this matter is suitable for disposition without oral argument and therefore VACATES the hearing scheduled for September 19, 2014. For the following reasons and for good cause appearing, the Court hereby DENIES plaintiff's motion.

**BACKGROUND**

In 2009, plaintiff filed for Chapter 13 bankruptcy. Compl. ¶ 19. After completing his bankruptcy, and after a discharge order was issued by the Bankruptcy Court in 2011, plaintiff learned that defendant Community First Credit Union ("CFCU") was still reporting that plaintiff owed a balance and had a monthly payment obligation. *Id.* ¶¶ 32-33. On February 19, 2013, in response to plaintiff's request that CFCU change the way it was reporting his credit, CFCU sent plaintiff a letter explaining that, "[a]lthough this account was discharged in bankruptcy, it was charged off from our books and [sic]

1 an unpaid debt. It is our policy to report all charge-offs in this manner." Declaration of Ben Dupre in
2 Support of Motion for Summary Adjudication, Ex. 1.

3 On August 27, 2013, plaintiff filed a complaint alleging that CFCU violated the California
4 Consumer Credit Reporting Act ("CCRA") and the Fair Credit Reporting Act.[1] Plaintiff now moves
5 for summary judgment as to his cause of action for violation of the CCRA.

## LEGAL STANDARD

8 Summary judgment is proper "if the movant shows that there is no genuine dispute as to any
9 material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The
10 moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.
11 *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to
12 disprove matters on which the non-moving party will have the burden of proof at trial. The moving
13 party need only demonstrate to the Court that there is an absence of evidence to support the non-moving
14 party's case. *Id.* at 325.

15 Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth,
16 by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for
17 trial.'" *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing
18 *Celotex*, 477 U.S. at 324). To carry this burden, the non-moving party must "do more than simply show
19 that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v.
20 Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will
21 be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving
22 party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

23 In deciding a summary judgment motion, the Court must view the evidence in the light most
24 favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.
25 "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from
26 the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.*

---

[1] Plaintiff's complaint also asserts two causes of action against defendant Equifax, not at issue in this motion.

2

However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(2).

**DISCUSSION**

Plaintiff moves for summary judgment as to his California law claim against CFCU. Specifically, plaintiff argues that there is no genuine dispute of material fact that CFCU violated California Civil Code section 1785.25(a), and he is therefore entitled to judgment as a matter of law.

California Civil Code section 1785.25(a) states: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." CFCU argues that summary judgment is inappropriate because this case presents factual disputes regarding whether it believed that its reporting of plaintiff's credit was correct, whether CFCU's belief in the correctness of its reports was reasonable, and whether CFCU implemented reasonable procedures in an attempt to comply with the applicable statutory provisions.[2] *See* Dkt. No. 69. The Court agrees. CFCU asserts that it believed it was reporting plaintiff's credit correctly. *See* Declaration of Leora R. Ragones Ex. 1. At that time, it was CFCU's practice to report all charge-offs in the manner it reported plaintiff's, regardless of whether the charge-off was obtained through bankruptcy or not. *Id.* It is CFCU's position that any creditor, looking at the dates of the reported charge-off, would know that the debt had been discharged in plaintiff's bankruptcy. *Id.* CFCU maintains that it believed it was reporting plaintiff's credit accurately, and therefore there is no basis to find that it knew or should have known that it was reporting inaccurate or incomplete information. While the Court is skeptical of this claim, it does present a material dispute of fact that goes to the heart of CFCU's potential liability in this case.

---

[2] CFCU also asks the Court to strike portions of plaintiff's reply brief and supporting declarations, arguing that they present new arguments, improper conclusions, and purport to rely upon inadmissible evidence. Because the Court does not rely on any of these documents in reaching its conclusion here, CFCU's objections are OVERRULED AS MOOT. *See* Dkt. No. 76.

3

There is a further dispute of fact regarding whether CFCU maintained reasonable procedures in its attempt to comply with statutory mandates. *See* Cal. Civ. Code § 1785.25(g) (providing a defense to liability if the credit reporter establishes that it "maintained reasonable procedures to comply with those provisions"). Whether CFCU's procedures were reasonable is a question of fact, not suitable for disposition at the summary judgment stage.

Under these circumstances, the Court cannot grant summary judgment. Accordingly, plaintiff's motion is DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby DENIES plaintiff's motion for partial summary judgment. This Order resolves Docket No. 64.

**IT IS SO ORDERED.**

Dated: September 10, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

4